**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4415-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CRAIG A. SCOTT, a/k/a
ALTEREK JONES, RICKEY
JONES, RICKY SMIOTH,
and RICKY SMITH,

     Defendant-Appellant.

_____

Submitted May 26, 2020 – Decided June 9, 2020

Before Judges Fasciale and Rothstadt

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 08-04-1209.

Craig Scott, appellant pro se.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant—who was convicted of two murders in 2010—appeals from a February 7, 2019 order denying his second petition for post-conviction relief (PCR). In his second petition, defendant primarily maintained that trial counsel failed to request statements of witnesses to the shootings. Judge Michael L. Ravin denied the petition as untimely, entered the order, and rendered a written decision.

Importantly, defendant sought alternative relief by filing his petition. Defendant's main request was that the PCR judge grant a new trial, contending that the statements constituted newly discovered evidence. On May 6, 2019, the judge denied defendant's motion for a new trial, entering an order and a detailed written decision concluding there was no Brady[1] violation and that the statements did not amount to newly discovered evidence.[2]

We affirm.

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

[2] Defendant did not identify the May 6, 2019 order in his Notice of Appeal. In his merits brief, however, defendant argues the judge erred by denying his motion for a new trial, and in this decision, we address the substance of his new-trial contentions.

A-4415-18T3

I.

Defendant is serving two consecutive life prison terms for murdering two juveniles. We affirmed the convictions in an unpublished opinion. State v. Scott, No. A-2948-10 (App. Div. Aug. 13, 2013), certif. denied, 217 N.J. 288 (2014). Defendant then filed his first petition for PCR. The PCR judge granted defendant's request for an evidentiary hearing, but ultimately denied his petition on April 15, 2016. Defendant appealed, and we affirmed. State v. Scott, No. A-0630-16 (App. Div. Jan. 22, 2018), certif. denied, 233 N.J. 472 (2018). On November 2, 2018, defendant filed his motion for a new trial or alternatively PCR.

For purposes of this appeal, we summarize the following facts. Defendant was convicted of beating and then shooting two victims to death in the street. Among the eyewitnesses to this crime was Patrick Hall, who observed the shooting from a block away. Mr. Hall testified at trial, identifying defendant as the shooter. Mr. Hall's three stepchildren were with him at the time of the shooting, and they provided statements to police. Defendant alleges that these statements were not turned over during discovery. Defendant's PCR counsel attempted to get in contact with one of the children, Jasmine Sampson, many times, but she did not want to get involved. After numerous requests, Ms.

Sampson gave a recorded statement, explaining that she could not identify the shooter, as she and her family members immediately ran in the opposite direction once they heard the gunshots.

On appeal, defendant argues:

POINT I

PCR AND PCR APPEAL COUNSEL BOTH WERE INEFFECTIVE WHEREFORE [DEFENDANT] IS WITHIN THE ONE LIMITATION TO FILE A SECOND OR SUBSEQUENT PETITION PURSUANT TO [RULE] 3:22-12 (A)(2)(C)[.] (Not Raised Below).

POINT II

[THE] PCR [JUDGE] ERRED WHEN [HE] SUMMARILY DENIED [DEFENDANT'S] MOTION FOR [A] NEW TRIAL BASED ON VIOLATION OF BRADY[,] . . . WHICH VIOLATED [DEFENDANT'S] FUNDAMENTAL RIGHT TO DUE PROCESS AND A FAIR TRIAL [U.S. CONST.] V, VI, XIV AMENDS ART. I [¶] 10 OF THE [N.J. CONST.] (Raised Below).

POINT III

[THE] PCR [JUDGE] ERRED WHEN [HE] SUMMARILY DENIED [DEFENDANT'S] MOTION FOR [A] NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE BASED ON THE AVAILABILITY OF CO-DEFENDANTS THAT ESTABLISHE[D] DEFENDANT'S ACTUAL INNOCENCE[.] ([Not] Raised Below).

POINT IV

TRIAL COUNSEL WAS INEFFECTIVE AND DID NOT PERFORM AS REQUIRED BY THE SIXTH AND FOURTEENTH AMENDMENT[S] TO THE UNITED STATES CONSTITUTION[.] (Raised Below).

POINT V

THE [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING, PURSUANT TO [RULE] 3:22-10 BECAUSE HE HAS PRESENTED A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL[.] (Raised Below).

II.

Defendant contends that his second PCR petition is not time barred, arguing that the factual predicate date is October 25, 2018—the date that Ms. Sampson gave her recorded statement to counsel. We disagree and affirm substantially for the reasons stated by the PCR judge, adding the following brief remarks.

Rule 3:22-4 provides that a second PCR petition will be dismissed unless it is timely under Rule 3:22-12(a)(2), which allows for the filing of a subsequent PCR petition up to one year after "the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been

<u>discovered earlier through the exercise of reasonable diligence</u>[.]" <u>R.</u> 3:22-12(a)(2)(B) (emphasis added).

Mr. Hall's stepchildren made statements to police on July 13, 2007. Defendant's trial counsel received the police continuation report and the search warrant affidavit as part of discovery prior to defendant's 2010 trial. These documents contained references to the statements of Mr. Hall's stepchildren. Defendant did not file his subsequent PCR petition until November 2, 2018—over eleven years after the witnesses made these statements and eight years after the judgment of conviction. Defendant could have discovered the factual predicate of his present claim through reasonable diligence because, as the PCR judge pointed out, defendant possessed other pieces of discovery that referenced these statements.

Defendant further asserts that his subsequent PCR petition should be considered in accordance with <u>Rule</u> 1:1-2(a), which states that "[u]nless otherwise stated, any rule may be relaxed or dispensed with . . . if adherence to it would result in an injustice." However, in 2009, the New Jersey Supreme Court amended <u>Rule</u> 1:3-4—which governs time enlargements—to provide that: "Neither the parties nor the court may . . . enlarge the time specified by . . . [<u>Rule</u>] 3:22-12 (petitioners for [PCR])[.]" Therefore, "[t]he 'time limitations' in

Rule 3:22-12 'hence are not subject to the relaxation provision of Rule 1:1-2.'" State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018) (quoting Aujero v. Cirelli, 110 N.J. 566, 577 (1988)).

Moreover, after our Supreme Court's 2009 amendments, Rule 3:22-12(b) now provides: "These time limitations shall not be relaxed, except as provided herein." Rule 3:22-12(a)(1)(A) allows for consideration of a PCR petition filed more than five years after the date of the judgment of conviction if defendant shows both "that the delay . . . was due to [the] defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice[.]" However, this exception to the five-year limitation "has no application to second or subsequent petitions filed within one year of the events specified in Rule 3:22-12(a)(2), as that subparagraph is itself an exception to the five-year requirement of Rule 3:22-12(a)(1)(A)." Jackson, 454 N.J. Super. at 294.

Defendant has not shown exceptional circumstances justifying the filing of his second PCR petition over nine years after his judgment of conviction. In his second petition, he made no attempt to prove excusable neglect. Defendant also was aware of the stepchildren's statements before his trial, when he was

7

provided with the police continuation report and the search warrant affidavit. Therefore, the PCR judge was correct in denying defendant's petition as time barred.

III.

Defendant argues that the prosecutor committed a <u>Brady</u> violation by allegedly failing to turn over the statements of Mr. Hall's stepchildren. Defendant bases this argument on the fact that these statements were not found in his trial counsel's file when his second PCR counsel began to investigate this issue.

The State has a duty to provide a defendant with exculpatory evidence in its possession during discovery. <u>State v. Marshall</u>, 148 N.J. 89, 154 (1997); <u>Brady</u>, 373 U.S. at 87. The <u>Brady</u> rule applies even where a defendant did not make a formal request for the material. <u>State v. Martini</u>, 160 N.J. 248, 268 (1999); <u>State v. Nelson</u>, 330 N.J. Super. 206, 212 (App. Div. 2000). To establish a <u>Brady</u> violation, a defendant must show that: "(1) [T]he prosecution suppressed evidence; (2) the evidence is favorable to the defense; and (3) the evidence is material." <u>Martini</u>, 160 N.J. at 268.

Defendant fails to meet the three requirements. As noted by the PCR judge, we conclude that there is no evidence that the prosecution suppressed the

evidence, therefore defendant does not meet the first requirement. The fact that defendant's second PCR counsel could not find the statements of Mr. Hall's stepchildren in the trial file, years after the trial occurred, does not necessarily mean that the State failed to turn them over during discovery. Further, the State turned over the police continuation report, which contains descriptions of the witnesses and their statements. Defendant also does not satisfy the second requirement because there is no evidence that the stepchildren's statements would have been favorable to him. Because Ms. Sampson did not see the shooting does not necessarily mean that Mr. Hall did not witness the shooting, as he testified. Lastly, defendant does not satisfy the third requirement. Ms. Sampson did not indicate in her October 2018 certification that her statement differed from the information that was provided in the police continuation report.

Importantly, even if the State failed to turn over the documents, there must be a "real possibility" that the undisclosed evidence would have affected the result. State v. Carter, 91 N.J. 86, 113 (1982). There must be more than the "mere possibility that the undisclosed information might have helped the defense." Ibid.; see also Marshall, 123 N.J. at 200. Mr. Hall's testimony was consistent with the continuation report summaries of his stepchildren's

statements. Additionally, Mr. Hall was able to identify defendant from a photo array. Given the weight of the evidence against defendant, there is no reasonable likelihood that this impeaching evidence would have affected the trial's outcome. Therefore, we conclude that the PCR judge did not err by rejecting defendant's <u>Brady</u> violation claim.

IV.

Defendant asserts that the PCR judge erred in denying his motion for a new trial. He contends that the judge failed to consider the affidavits of co-defendants, James Grate and Fuquan Cromwell. Grate and Cromwell were advised by their attorneys to invoke their Fifth Amendment right to remain silent, and they continued to do so through the trial's duration. Now that his co-defendants have exhausted their appeals, both certified that defendant did not shoot the victims. Defendant argues that Ms. Sampson's certification, as well as these new affidavits, constitute newly discovered evidence upon which a new trial should be granted.

"A jury verdict rendered after a fair trial should not be disturbed except for the clearest of reasons." <u>State v. Ways</u>, 180 N.J. 171, 187 (2004). "Newly discovered evidence must be reviewed with a certain degree of circumspection to ensure that it is not the product of fabrication[.]" <u>Id.</u> at 187-88. Evidence is

considered newly discovered and sufficient to warrant a new trial when it is: "(1) [M]aterial to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." State v. Carter, 85 N.J. 300, 314 (1981).

Ms. Sampson's unsworn statement does not meet the test's requirements. As defendant argues, her statement would be used to impeach Mr. Hall, thereby failing prong one of the Carter test. See ibid. As to the second prong, her statements—as well as those of her siblings—could have reasonably been discovered by defendant, as his counsel possessed multiple documents that referenced the statements. Additionally, as previously mentioned, there exists no proof that defendant's counsel did not already possess these statements. As to this evidence, it does not qualify as newly discovered evidence upon which a new trial should be granted.

As to defendant's contention regarding his co-defendant's statements, he failed to raise this before the PCR judge. Although we decline to address this issue, Nieder v. Royal Indem. Ins., 62 N.J. 229, 234 (1973); State v. Robinson, 200 N.J. 1, 20 (2009), we note that "a mere exculpatory statement of a co-defendant cannot by itself give rise to a new trial if that statement is clearly false

or merely designed to give an accomplice a second chance for acquittal." State v. Robinson, 253 N.J. Super. 346, 366-67 (App. Div. 1992); see also State v. Allen, 398 N.J. Super. 247, 258 (App. Div. 2008) (recognizing that "post[-]conviction statements of persons who did not testify at trial . . . are 'inherently suspect'" (quoting Robinson, 253 N.J. Super. at 367)).

To the extent that we have not addressed defendant's other contentions, we conclude that they are without merit to warrant attention in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4415-18T3